**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Juan Salazar**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **Culinary Gangster AZ**, an Arizona corporation; **Culinary Gangster AZ Inc.**, an Arizona corporation; **Culinary Gangster Catering Inc.**, an Arizona corporation; **Richard Raschillo and Jane Doe Raschillo**, a married couple, | |
| Defendants. | |

Plaintiff, Juan Salazar ("Plaintiff" or "Juan Salazar"), sues Defendants Culinary Gangster AZ, Culinary Gangster AZ Inc., Culinary Gangster Catering Inc., and Richard Raschillo and Jane Doe Raschillo, ("Defendants" or "Culinary Gangster") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4. This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

7. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8. At all material times Culinary Gangster AZ was a corporation duly licensed to transact business in the State of Arizona. At all material times, Culinary Gangster AZ does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9. At all relevant times, Culinary Gangster AZ owned and operated as "Culinary Gangster," a restaurant located at 14891 North Northsight Boulevard, Suite 135, Scottsdale, AZ 85260.

10. Under the FLSA, Defendant Culinary Gangster AZ is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Culinary Gangster AZ had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to Culinary Gangster's employees, Defendant Culinary Gangster AZ is subject to liability under the FLSA.

11.     At all material times Culinary Gangster AZ Inc. was a corporation duly licensed to transact business in the State of Arizona.  At all material times, Culinary Gangster AZ Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

12.     At all relevant times, Culinary Gangster AZ Inc. owned and operated as "Culinary Gangster," a restaurant located at 14891 North Northsight Boulevard, Suite 135, Scottsdale, AZ 85260.

13.     Under the FLSA, Defendant Culinary Gangster AZ Inc. is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Culinary Gangster AZ Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Culinary Gangster's employees, Defendant Culinary Gangster AZ Inc. is subject to liability under the FLSA.

14.     At all material times Culinary Gangster Catering Inc. was a corporation duly licensed to transact business in the State of Arizona.  At all material times, Culinary Gangster Catering Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

15. At all relevant times, Culinary Gangster Catering Inc. owned and operated as "Culinary Gangster," a restaurant located at 14891 North Northsight Boulevard, Suite 135, Scottsdale, AZ 85260.

16. Under the FLSA, Defendant Culinary Gangster Catering Inc. is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Culinary Gangster Catering Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to Culinary Gangster's employees, Defendant Culinary Gangster Catering Inc. is subject to liability under the FLSA.

17. Defendants Francisco Richard Raschillo and Jane Doe Raschillo are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Richard Raschillo and Jane Doe Raschillo are owners of Culinary Gangster and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

18. Under the FLSA, Defendants Richard Raschillo and Jane Doe Raschillo are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Richard Raschillo and Jane Doe Raschillo had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment,

determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to Culinary Gangster's employees, Defendants Richard Raschillo and Jane Doe Raschillo are subject to individual liability under the FLSA.

19. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

20. At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of a restaurant in Maricopa County, Arizona.

21. At all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff and the Collective Members; and (2) Defendants were under common control. In any event, at all relevant times, all Defendants were joint employers of Plaintiff and the Collective Members under the FLSA.

22. Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the restaurant that comprises the business offerings of Culinary Gangster.

23. Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

24. Defendants, and each of them, are sued in both their individual and corporate capacities.

25. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

26. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

27. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

28. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

29. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

30. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

31. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

32. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

33. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

34. Plaintiff, in his work for Defendants, regularly used the telephone to communicate with clients and/or customers.

35. Plaintiff, in his work for Defendants, regularly used the internet to communicate with clients and/or customers.

36. Plaintiff, in his work for Defendants, regularly used credit cards in handling purchases of Defendants' customers.

37. Plaintiff, in his work for Defendants, regularly listened to music streamed over the internet.

**FACTUAL ALLEGATIONS**

38. Defendants own and/or operate as Culinary Gangster, an enterprise located in Maricopa County, Arizona.

39. Culinary Gangster is a restaurant located in the Phoenix Metropolitan Area.

40. In approximately December 2022, Plaintiff began employment with Defendants as a line cook, performing various repetitive, non-exempt tasks such as cooking food, prepping food, cleaning, and various other restaurant- and customer service-related duties.

41. Defendants, in their sole discretion, paid Plaintiff $21 per hour, regardless of the number of hours he worked in a given workweek.

42. Rather than classify Plaintiff as an employee, Defendants classified him as an independent contractor.

43. Despite Defendants having misclassified Plaintiff as an independent contractor, Plaintiff was actually an employee, as defined by the FLSA, 29 U.S.C. § 201 et seq.

44. Defendants controlled Plaintiff's schedules.

45. In his work for Defendants, Plaintiff used equipment owned by Defendants.

46. At all relevant times, Plaintiff was economically dependent on Defendants.

47. The following further demonstrate that Plaintiff was an employee:

   a. Defendants had the exclusive right to hire and fire Plaintiff;

   b. Defendants made the decision not to pay overtime to Plaintiff;

   c. Defendants supervised Plaintiff and subjected him to Defendants' rules;

   d. Defendants required Plaintiff to wear a uniform;

   e. Plaintiff had no opportunity for profit or loss in the business;

   f. The services rendered by Plaintiff in his work for Defendants was integral to Defendants' business;

   g. Plaintiff was hired as a permanent employee, generally working in excess of 40 hours per week for approximately four months;

   h. Plaintiff had no right to refuse work assigned to him by Defendants;

   i. On information and belief, Defendants did not allow Plaintiff to work for other restaurants.

48. Plaintiff worked for Defendants until approximately March 9, 2023.

49. During Plaintiff's employment with Defendants, Plaintiff typically worked approximately between 45 and 55 hours or more per week.

50. At all relevant times, Plaintiff was compensated an hourly rate of $21, regardless of the number of hours he worked for Defendants in a given workweek.

51. At all relevant times, Plaintiff was compensated an hourly rate of $21, regardless of the number of hours he worked for Defendants in a given workweek, and regardless of whether he worked in excess of 40 hours per week.

52. Plaintiff routinely worked with knowledge of Defendants, and generally at Defendants' request, in excess of 40 hours per week during his employment with Defendants.

53. At all relevant times, Defendants did not pay Plaintiff one and one-half times his regular rate of pay for time spent working in excess of 40 hours in a given workweek.

54. During the time that Plaintiff worked for Defendants, Plaintiff regularly worked in excess of 40 hours in a given workweek without receiving one and one-half times his regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a).

55. Plaintiff was not a manager in his work for Defendants.

56. Plaintiff did not have supervisory authority over any employees in his work for Defendants.

57. Plaintiff did not possess the authority to hire or fire employees in his work for Defendants.

58. Plaintiff did not possess the authority to make critical job decisions with respect to any of Defendants' employee in his work for Defendants.

59. Plaintiff did not direct the work of two or more employees in his work for Defendants.

60. Plaintiff did not exercise discretion and independent judgment with respect to matters of significance in his work for Defendants.

61. Plaintiff did not perform office or non-manual work for Defendants in his work for Defendants.

62. Plaintiff's primary duty was not the management of the enterprise in which he was employed or any recognized department of the enterprise in his work for Defendants.

63. At all relevant times, in his work for Defendants Plaintiff was a non-exempt employee.

64. Throughout the duration of Plaintiff's employment, Defendants failed to properly compensate Plaintiff for his overtime hours.

65. Defendants' failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

66. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

67. At all relevant times, Plaintiff was a non-exempt employee.

68. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

69. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

70. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

71. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY OVERTIME**

72. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

73. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

74. In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

75. As a result of Defendants' failure to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 207.

76. As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

77. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

78. Defendants have and continue to violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

79. Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Juan Salazar, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by failing to pay proper overtime wages;

B. For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 10th day of March 2023.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Christopher J. Bendau
Clifford P. Bendau, II
*Attorneys for Plaintiff*

**VERIFICATION**

Plaintiff, Juan Salazar, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.

_____
Juan Salazar (Mar 10, 2023 12:23 MST)
Juan Salazar

-15-